## VILLENEUVE LE BLANC et al. *v.* V. DUBROCA and Wife.

The laws requiring the wife to obtain authority from the judge in order to institute suit against the husband were intended for the protection of the husband against ill-advised and vexatious suits. It is a defence which may be waived by him, and his so doing forms no ground for annulling a judgment between him and his wife at the suit of *third persons*.

The provision of law which entitles a defendant to three days notice of seizure on execution before the property is advertized for sale, is personal, and may be waived by him.

The privilege granted by law to a defendant whose maternal tongue is French to have the execution issued in French, is purely personal, and may be waived by him without invalidating the proceeding.

Where *third persons* seek to annul a judicial sale on account of informalities, it is essential for them to show they have been injured by the sale; otherwise, they have no right to interfere with it.

APPEAL from the District Court of West Baton Rouge, *Burk*, J.   *J. M. Elam*, for plaintiffs.   *A. Pitot*, for defendants.   The judgment of the court was pronounced by

PRESTON, J.   On the 10th of October, 1846, *Mrs. Dubroca* obtained a judgment, before the District Court of the parish of West Baton Rouge, of separation of property from her husband, *Valentine Dubroca*, and for $29,800, with interest, being the amount of her dotal and paraphernal property received by him during their marriage.   A legal mortgage was also decreed in her favor on all her husband's property from the date of their marriage, which took place in the parish of West Baton Rouge on the 10th of April, 1826.

On the 26th of October, 1846, she placed in the hands of the sheriff of the parish an execution, by virtue of which, on the 4th of November, he seized the plantation of the defendant, with the buildings and improvements thereon, also fifty-seven slaves, with all the stock and agricultural implements, and also his household and kitchen furniture, and advertised and sold the whole in block on the 5th of December, 1846.   The property was appraised in block at $46,925, and was adjudicated and sold to *Mrs. Dubroca* for $51,619.

The sheriff credited the defendant with the amount of the sale, $51,619; and debited it with the plaintiff's judgment and interest, $29,911 75; also with a special mortgage in favor of *A. Doussau*, with interest to the 5th of December, 1846, the day of sale, $12,577 50; also with the amount, with interest, of a special mortgage and pledge in favor of the *Union Bank*, $8780; and the costs, $350: the amount of the sale, $51,619.

The plaintiffs are creditors of *F. Dubroca*, and instituted the present suit against him on the 18th of September, 1848, and obtained judgments on the 28th of September, 1849, for the amount of their claims.   They made *Mrs. Dubroca* a party defendant, and claimed to annul the sale of her husband's property to her on the following grounds:   1. By consenting to a voluntary separation of property, the court having granted no authority to the wife to institute her action against her husband, as required by article 105 of the Code of Practice.   2. By permitting his property to be seized on an execution in the English language alone, being a language which he did not understand—his mother tongue being that of the French language.   3. The seizure having been made by the sheriff on the 4th day of November, 1846, the property could not be sold before the first Saturday in January, 1847.   4. By permitting the plantation and slaves and personal property to be appraised and sold in block, and not insisting upon a legal appraisement and sale to the best advantage, the husband consented to, and the wife caused, his insolvency; his property, if legally appraised and sold, being sufficient to pay his debts.

I. The laws requiring the wife to obtain authority from the judge, in order to institute suit against her husband, were intended to protect the husband against unadvised and vexatious family suits, growing out of the weakness and inexperience of the wife.   They afford an exception in his favor, but no ground for annulling the proceedings and final judgment, by which the court sanctions the suit and approves of the proceedings, as necessary to protect the rights of the wife.   The husband, in his answer to the suit of his wife in this case, required proof of her claims.   The article 140 of our Code directing that the separation of property should be claimed judicially, and from which it is properly inferred that it cannot take place voluntarily, requires no more than this proof.   It does not require the husband to make technical, captious or unfounded objections to the suit.

46

II. The provision of law which entitled the husband to the execution in the French language, that being his maternal tongue, conferred a privilege so purely personal that he might waive it without the apprehension of complaint from any quarter.

III. It is probable the property was advertised without giving the husband the three days notice of seizure, to which he was entitled by article 655 of the Code of Practice. This also is a right personal to the defendant, and which he may waive without invalidating the sale or injuring any one. It is given to enable the defendant to pay the debt before advertisement; the husband had no means; or to enjoin the sale, the husband had no grounds; or to point out other property, the husband had no other,—all was seized. He might well, therefore, consent that the sheriff should proceed to advertise; and there was sufficient time to give thirty days public notice of the sale before the legal sale day in December. The sheriff returns that he advertised the property the thirty days required by law; which was the only thing of importance to the plaintiffs and other creditors of *Dubroca*.

To succeed on the fourth ground, it was incumbent on the plaintiffs to show, by proof, that they were injured by the sale in block. It has been frequently decided by this court, that the forced alienation of property could not be annulled by creditors not parties to the execution, without establishing their injury, or, at least, an advantage to be gained by it. *Slidell* v. *Fortier*. *Coiron* v. *Millaudon*.

There is no proof that the property in controversy, incumbered as it was with mortgages, would or could have been sold in parcels better than in block; being a plantation and slaves, stocked and furnished, and in full cultivation, possibly a sale in block was most advantageous. It sold for nearly five thousand dollars more than the amount at which it was appraised. It sold for upwards of fifty thousand dollars, in block. To enable the plaintiffs to annul the sale for injury to them, they should have proved that it would have sold for upwards of sixty thousand dollars, in parcels; for besides the mortgages satisfied by the sale, there were two other judicial mortgages, one in favor of *Faivrot* and one in favor of *Ledoux & Co.*, amounting together to about $10,000, to be satisfied before the plaintiffs, being ordinary creditors, could receive any thing.

In a previous litigation between the plaintiffs and *Dubroca* and wife, there was an agreement of parties that the property should be sold in parcels and not in block. We cannot examine the effect of that agreement in this case, because it is not made a ground of the actions, and, indeed, was introduced in evidence only to rebut evidence of the defendants.

The judgment of the district court is therefore affirmed, with costs.