The opinion of the court was delivered by
Miller, J.
This appeal is by the administratrix of the succession of the deceased from the judgment maintaining the opposition of the ordinary creditor to the amount proposed by the tableau of distribution to be awarded the mortgage creditor as the proceeds of the mortgaged property.
The sale of the Oakland plantation, purchased by the deceased, was dissolved, at the suit of the vendor, for non-payment of the price. The questions incident to that dissolution, i. e., the purchase price to be returned by the vendor and the improvements made by the purchaser to be reimbursed to him; and the amount of the revenues of the property during his possession to be returned to the vendor, were before us in 1895. Vincent vs. Phillips, 47 An. 1238. Our decree on this previous appeal corrected an error of the lower *1020 court in adjusting the accounts between the parties, and under our decree the vendor paid to the administratrix the excess he had been allowed by the lower court for the revenues of the property. This excess, the fund in the hands of the administratrix, is the subject of this controversy. On her account it is allotted to the payment of the mortgage debt created by the purchaser during his ownership, under the sale dissolved by the resolutory condition, and the opposing creditor insists that the mortgage creditor has no right of satisfaction from the fund.
The note held by the mortgage creditor was originally issued by the maker as a collateral, after serving that purpose was returned and reissued by him to the present creditor. The opponent, contends that the mortgage was extinguished by the return of the note.
On the first proposition urged on behalf of the opposing creditor, that the fund is -not subject to the mortgage, the origin of the fund is of controlling influence. It will not be controverted that though the sale may be dissolved for non-payment of the price, yet until dissolved the purchaser in the exercise of his ownership can mortgage the property. Civil Code, Arts. 2042, 3301. It follows that the mortgage thus created will attach to the property subject to the vendor’s right to dissolve the sale for non-payment of the price, and it is equally clear the mortgage will operate upon any residue derived from the property after the demand of the unpaid vendor is satisfied. In the adjustment of the accounts on the dissolution of this sale, the purchaser was allowed besides the price he had paid the value of the improvements he put on the property. The vendor was allowed the revenues during the ownership of the purchaser. The value of the improvements and the price exceeded the revenues, the improve - ments alone exceeding the price returned. Practically, it was the improvements on the property which made the excess over the revenues, which the administratrix of the deceased purchaser now has in her hands, and it seems to us as the improvements were part of the plantation, the fund, in effect derived on account of the improvements, must be deemed subject to the mortgage. It attaches to the improvements on the immovable mortgaged, and clings, we think, to the proceeds in the administratrix’ hands, representing the improvements.
The proposition that the mortgage was extinguished by the return of the note to the maker, and the mortgage could not be revived by the *1021 issue of the note, has been the subject of previons decisions of this court. When the mortgage is for a specific debt, payment extin-tinguishes debt and mortgage, and the subsequent issue of the note will not revive the mortgage. Hill vs. Hall, 4 Rob. 416; Civil Code, Art. 3285. But our jurisprudence may be deemed fixed that when the mortgage note is not for a specific debt, but for future use, and hence in favor of any future holder, that the use of the note as a collateral and its return to the maker will not cancel the mortgage in the event of the reissue of the note. Succession of Dolhonde, 21 An. 5; Insurance Co. vs. Jamison, 25 An. 364; Morris vs. Cain, 39 An. 712; Levy vs. Ford, 41 An. 881. The opponent in his brief places the asserted extinction of the note on the ground it was paid. But the testimony and admission is that the note was used only as a collateral. Thus the right of the creditor who holds it is placed, in respect to the mortgage, under the protection of our jurisprudence on the subject.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and it is now ordered, adjudged and decreed that the opposition of the opponent be and it is hereby dismissed with costs.