(53 South. 652.)

No. 18,029.

THREEFOOT BROS. & CO. v. RICHARDSON.

(Nov. 14, 1910. Rehearing Denied Dec. 12, 1910.)

*(Syllabus by the Court.)*

GARNISHMENT (§ 38*)—PROPERTY SUBJECT.

Where a mortgage in favor of a nominal mortgagee recited that it was granted for the particular purpose of enabling a receiver of a corporation to pay certain debts, and the mortgage note was delivered to the receiver, *held,*

that a judgment creditor of the mortgagor could not seize the note by garnishment proceedings.

[Ed. Note.—For other cases, see Garnishment, Dec. Dig. § 38.*]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by Threefoot Bros. & Co. against D. C. Richardson. Judgment for defendant, and plaintiffs appeal. Affirmed.

Blanchard & Barrett & Smith, for appellants. Alexander & Wilkinson, for appellee.

LAND, J. This is a garnishment proceeding under writs of fieri facias issued on judgments in favor of the plaintiff against D. C. Richardson, as indorser on certain notes of the D. C. Richardson-Taylor Lumber Company, which had been placed in the hands of A. H. Leonard, receiver, by proceedings in the federal court at Shreveport. A. H. Leonard, J. D. Wilkinson, and A. H. Leonard, receiver, were cited as garnishees to answer under oath certain interrogatories propounded to them by the plaintiff, as to any note, bond, or other security deposited with them or placed in their hands by the said Richardson, and more especially as to a certain mortgage note for $50,000 made by the aforesaid Richardson and by him indorsed in blank.

J. D. Wilkinson answered as follows:

"D. C. Richardson being indebted unto the D. C. Richardson-Taylor Lumber Company in a large amount and being the indorser on possibly $50,000 of its paper, I prevailed on him to execute a mortgage attached to the interrogatories present, in order to secure the payment of the debts of the D. C. Richardson Lumber Company, but particularly the debts on which he was guarantor or indorser. This was done to protect all of these creditors for whom he was guarantor or indorser, and to prevent any one creditor, including the plaintiff herein, from getting any undue preference over the other creditors. This note was delivered by me to A. H. Leonard, who had been appointed receiver of the D. C. Richardson-Taylor Lumber Company by the Circuit Court of the United States for the Western District of Louisiana, and I have not seen it since. I took it as the attorney of said receiver, and because I thought it was the best thing to do for the benefit of all creditors guaranteed by Richardson."

The act of mortgage referred to contains the following recital, to wit:

"This mortgage is granted and the proceeds of the sale of the property herein shall be applied to the payment of the debts of D. C. Richardson-Taylor Lumber Company, a corporation of said parish, for which this mortgagor is guarantor, indorser, or on which he is surety or otherwise bound, and to be held and used by the receiver of the said company for that purpose, said mortgagor having indorsed or guaranteed the payment of over $50,000 of its debts."

A. H. Leonard individually and as receiver answered, first, that he did not have in his possession or under his control any property, rights, credits, or securities belonging in whole or in part to D. C. Richardson; and, secondly, as follows, to wit:

"No. Richardson never deposited with me, either in my individual capacity or in my capacity of receiver as aforesaid, any bond, note, or other security, nor did he ever place in my hands, either in my individual capacity, or in my capacity as receiver solely, any note, bond, or other security, in the joint hands or control of myself individually or in my capacity as receiver, and another or others; but he answers and says, further, that within the last four months J. D. Wilkinson delivered to me, respondent, in my capacity as receiver of the D. C. Richardson-Taylor Lumber Company, a note signed D. C. Richardson, dated January 18, 1909, due May 15, 1909, to his own order, and by him indorsed in blank, for the sum of $50,-000, with 8 per cent. interest from date until paid, which note is paraphed 'Ne Varietur' by J. D. Wilkinson, notary public, of date January 18, 1909.

"When Wilkinson so delivered that note, he said he delivered it to me in my capacity as receiver aforesaid, to be held in such capacity as collateral security for the indebtedness of D. C. Richardson to the D. C. Richardson-Taylor Lumber Company. That note is now in the safe at the office formerly occupied by the D. C. Richardson-Taylor Lumber Company, and now occupied by me as receiver of said company, and is in my possession and under my control in my capacity as such receiver."

In his last answer the garnishee stated that the note was not held on deposit, but was in his possession as receiver, as an asset of the said company.

Plaintiff took a rule on A. H. Leonard, as

garnishee, to traverse his answers, and to show cause why the note should not be delivered to the sheriff. A. H. Leonard, as receiver, excepted on the grounds:

First. That he held said note as receiver, and that the state court· was without right or jurisdiction to interfere with his possession.

Second. That the creditors for whose benefit said note was held were necessary parties to the proceeding.

Third. That the plaintiff's remedy was by proper action to annul the mortgage, if it be for any cause invalid.

The rule was tried, and there was judgment in favor of A. H. Leonard, garnishee, dismissing the proceedings, with costs. Plaintiff has appealed.

As recited in the act, the mortgage was granted to secure the payment of certain debts of the D. C. Richardson-Taylor Lumber Company, for which Richardson was liable as guarantor, indorser, or surety; and the mortgage note was delivered to the receiver of said company, to be applied to the payment of such debts. The recitals of the mortgage must control as to its object and purpose. The receiver is bound by the terms of the act of mortgage to ·apply the proceeds to the payment of the debts of the corporation, for which the mortgagor is also bound. The mortgage was in favor of a nominal mortgagee, and did not become effective until the note was delivered to the receiver. Morris v. Cain, 39 La. Ann. 712, 1 South. 797, 2 South. 418; Levy v. Ford, 41 La. Ann. 873, 6 South. 671; Succession of Philips, 49 La. Ann. 1019, 22 South. 202. After delivery of the note, the mortgage became effective only for the particular purpose for which it was granted. If for any reason the receiver cannot enforce the mortgage for such purpose, then the mortgage becomes wholly inoperative. In Morris v. Cain, supra, it was held that a mortgage given to secure an obligation which ·has not as yet risen can only be enforced in so far· as the future obligation shall have been created. In the case at bar, the mortgage had no vitality until the delivery of the note to the receiver. If that transaction be invalid, the case stands as if the mortgage note were still in possession of the maker. Thus considered, both note and mortgage are inoperative, as a man cannot owe himself, or mortgage his property in his own favor. The transaction was not a pledge of a mortgage note belonging to the debtor, but was a direct mortgage for the particular purpose recited in the act. The note represents a liability, and not an asset of the debtor.

Plaintiff's remedy is not by garnishment, but by direct action to annul or cancel the mortgage, and to subject the property to its judicial mortgage. Garnishment process cannot be changed into a revocatory action. Hodges v. Graham, Hodges & Co., 25 La. Ann. 367.

The question of the jurisdiction of the state court over the receiver need not be determined.

Judgment affirmed.