PROVOSTY, J.
At a time when the commercial firm of W. A. Tompkins & Sons and its members were insolvent, and were being sued by several creditors, W. A. Tompkins, a member of the firm, sold to A. Tompkins, his son, another member, a tract of land which appears to have been the only property possessed by him liable to seizure' by his creditors. The judgments obtained in the said suits are to this day unsatisfied because of no property liable to seizure. The said sale was for $18,000, whereof $13,500 cash, and $4,500 represented by a note, to the order of the purchaser and by him indorsed in blank, secured by vendor’s privilege and special mortgage on the property sold. The date of the sale was May 13, 1914; and the note was made payable in one year from date. The act of sale was duly recorded in the conveyance and mortgage books:
Seven days before he had thus- acquired this property, to wit, on May 6, 1914, A. Tompkins gave it in exchange to R. W. Harkness and S. P. Harrell for other property. The exchange was evidenced by mutual cash deeds, the price in the deed by A. Tompkins being $20,000. This deed, while thus bearing date 7 days before the acquisition of the property by A. Tompkins, was, however, not put of record until May 23, 1914, 10 days after said acquisition.
A few days thereafter, on June 14, 1914, A. Tompkins, finding himself in imperative need of $250 to pay the taxes on some property which he had sold without having paid the past-due taxes thereon, borrowed this amount from D. F. Batchelor, and, as security for the loan, pledged the said $4,500 note; at the same time giving instruction that after the $250 should have been repaid the note should be delivered to R. W. Harkness and S. P. Harrell for cancellation of the inscription .of the mortgage and vendor’s privilege securing it.
This instruction was carried out, and Harknéss and Harrell, having received the note from Batchelor, presented it to the clerk of court, requesting that the inscription of the mortgage and vendor’s privilege securing it be canceled; and this was done, the date of the cancellation being August 31, 1914.
In the meantime, A. Tompkins had absconded to parts unknown.
The note was attached by the clerk of court to the leaf of the mortgage record book on which the canceled inscription appeared; and the plaintiff in the present case caused it to be there seized, as being the property of W. A. Tompkins, and liable for his debts to satisfy a judgment obtained against W. *923 A. Tompkins and the other members of W. A. Tompkins & Sons.
Plaintiff then brought the present suit to cause the said cancellation to be annulled, and the canceled inscription to be reinstated, because had in fraud of his rights. The defendants are W. A. Tompkins, A. Tompkins, R. W. Harkness, S. P. Harrell, D. P. Batch-elor, and the clerk of court.
There was no reason why Batchelor should have been made a party to the suit, as his acceptance of the note in pledge was perfectly legitimate, and his connection with the note ceased entirely when he received the reimbursement of his $250, and delivered the note to Harkness and Harrell. The judgment dismissing the suit as to him must therefore be affirmed.
The case has not been argued for the defense either orally or by brief. And as well is it so, for we do not see in what way the cancellation in question could be sought to be justified as against the rights of the creditors of W. A. Tompkins. An insolvent debtor cannot dispose of his property gratuitously to the prejudice of his creditors. O. G. 1980. And there is no pretense that one cent was ever paid on this $4,500 note, or that the cancellation of the mortgage and vendor’s privilege was not purely gratuitous.
The judgment appealed from, which dismissed plaintiff’s suit, is therefore set aside, except in so far as in favor of D. A. Batch-elor; and it is now ordered, adjudged, and decreed that there be judgment decreeing the note of $4,500, executed by A. Tompkins to his own order and by himself indorsed, of date May 13, 1914, due one year after date, and secured by vendor’s privilege and special mortgage, to be unpaid and unsatisfied and in full force and effect, and annulling the cancellation made by the clerk of court on August 31,1914, of the inscription of the mortgage and vendor’s privilege securing the payment of said note recorded in Book of Mortgages, vol. M, pp. 572, 573, of the clerk’s office of the parish of Webster, and reinstating the said inscription as in full force and effect, and that the defendants-W. A. Tompkins, R. W. Harkness,. and S. P. Harrell, in solido, pay the costs of this suit.
O’NIELL and DAWKINS, JJ., dissent.