THOMPSON, J.
 

 The plaintiff, a judgment creditor of H. R. Loranger, brought this suit to cancel and erase from the public records a conventional mortgage executed by said Loranger and which antedates in registry the judicial mortgage of the plaintiff.
 

 The conventional mortgage was given to secure a note for $5,000, made by Loranger to his own order and by him indorsed In blank.
 

 The note was dated June 30, 1922, and was payable two years after date. It had not matured when this suit was filed, which was May 18, 1923.
 

 It is alleged that the mortgage was and is a fraudulent simulation, executed without consideration.
 

 That if the said mortgage was executed for any consideration that the consideration was trifling, and the said note secured by the said mortgage has been paid and satisfied.
 

 It appears that one Bryan Black was named mortgagee in the act of mortgage, but it is very clear from the record that Black was a party interposed and had no real interest in the note and mortgage.
 

 He was made a party defendant to this suit, and in his answer to plaintiff’s petition he alleges that he appeared as a nominal mortgagee and accepted and signed the mortgage at the request of the late Judge Robert R. Reid.
 

 The note was turned over to Judge Reid t and was retained in his possession until some time in the fall of 1922 when he delivered it to the maker Loranger.
 

 The note remained in the possession of Lo-ranger until February, 1923, when he sent it to James Martin, vice president and cashier of the Genesee Oounty Savings Bank at Flint, Mich.
 

 Martin as a witness testified that he had received the note from Loranger to be used as collateral to secure a loan to be made to Loranger, and that it was understood that the note should be turned over to Lafayette Davis to secure debts due to him by Loranger when the indebtedness to the bank was satisfied. The loan was not made by the bank, and accordingly the note was turned over to Davis, who holds it to secure the debt due him by Loranger.
 

 The evidence leaves no doubt that Loranger is indebted to Davis in an amount equal to, if not exceeding, the mortgage, and that this indebtedness existed at the time the note and mortgage were executed.
 

 It is equally clear that Davis obtained the note in due course and before maturity and without any notice of any defect in the note or mortgage on account of want of consideration, if, as a matter of fact, there was no consideration for the issuance of the note and the giving of the mortgage.
 

 The rule, however, is well settled that negotiable notes may be issued to be used as collateral security in the course of commercial dealings, and the holder of such paper acquired before maturity is deemed a holder for a valuable consideration and free from latent defenses on the part of the maker. Levy v. Ford, 41 La. Ann. 877, 6 So. 671.
 

 This being the undoubted rule, the charge that the note and mortgage were executed without consideration must necessarily fall.
 

 It is argued on behalf of the plaintiff that Loranger obtained possession of the
 
 *871
 
 noté from Judge Reid and held it from about September, 1922, until February, 1923, when it was turned over to Martin to be used as collateral and later to be given to Davis, and that, therefore, the debt for which the note was given must be regarded as having been paid or the note and mortgage extinguished by confusion. Counsel cite McDonald v. Harkness, 146 La. 920, 84 So. 205.
 

 The doctrine held in the cited case and many others applies to notes issued for a specific debt to a particular creditor.
 

 In all such cases, a payment of the debt and return of the note to the maker extinguishes the mortgage and a reissue of the note will not revive the mortgage.
 

 This doctrine has been held not to apply when the mortgage note is not for a specific debt, but for future use and in favor of any future holder to be used as collateral. Such a note may be reissued as collateral and the mortgage securing the same preserved.
 

 “The proposition that the mortgage was extinguished by the return of the note to the maker, and the mortgage could not be revived by the issue of the note, has been the subject of previous decisions of this Court. When the mortgage is for a specific debt, payment extinguishes debt and mortgage, and the subsequent issue of the note will not revive the mortgage. * * *
 

 “But our jurisprudence may be deemed fixed that when the mortgage [note] is not for a specific debt, but for future use, and hence in favor of any future holder, the úse of the note as a collateral, and its return to the maker, will not cancel the mortgage in the event of the reissue of the note.” Succession of Phillips, 49 La. Ann. 1020, 22 So. 202, and cases there cited. See, also, Mente & Co. v. Levy, 160 La. 496, 107 So. 318.
 

 The instant ease falls clearly under the doctrine announced in the last-cited eases.
 

 The mortgage was not given for any specific debt. While the name of Black was inserted as mortgagee, he was only a party interposed and had no interest in the note.
 

 The note was held by Judge Reid for several months and then came into the hands of the maker and was held by him until he turned it over to Martin, cashier, and later to Davis to be used as collateral to secure an existing debt.
 

 . If the note had remained in possession of Loranger from the date it was executed, that fact would not have affected the legal right of Loranger to pledge the note as collateral to secure his indebtedness.
 

 This court has frequently recognized the validity of such dealings and the legality of the issuance of such paper as here involved and its use in the course of commercial dealings. See cases cited in Ford v. Levy, supra.
 

 The judgment appealed from is reversed, and it is now ordered that plaintiff’s demand be rejected at its cost.