**LAMPTON REID & CO., Inc., v. FORTEN-
BERRY et al.***

No. 1575.

Court of Appeal of Louisiana. First Circuit.

May 8, 1936.

Ott & Johnson, of Franklinton, for appellant.

S. S. Reid, of Amite, and Robert T. Carter, of Greensburg, and J. A. Arnett, of Kentwood, for appellees.

LE BLANC, Judge.

Lampton Reid & Co., Inc., held a note for $467.75, executed by Ira W. Fortenberry and Mallie Fortenberry, his wife, dated January 11, 1933, and payable on December 1, 1933, the same being secured by mortgage on certain lands in the parish of Tangipahoa and fully described in the act of mortgage with which the note was identified.

The act of mortgage contained a clause which reads as follows: "This mortgage is hereby given subject to a first mortgage made to the Farmers Bank of Osyka and which said mortgage note is now being held by L. M. Quinn."

It appears that the mortgage referred to in the clause herein quoted had been foreclosed on by L. M. Quinn, on February 7, 1935, and the property mortgaged which was sold in the foreclosure proceedings was adjudicated to Quinn himself for the sum of $100.

In the present proceeding, plaintiff, Lampton Reid & Co., Inc., sets out that the note of $1,000 secured by the first mortgage referred to as being in favor of the Farmers Bank of Osyka, which note was due October 30, 1928, had been reduced by payments made by Ira W. Fortenberry on different dates between October 30, 1928, and December 8, 1932, on which last-mentioned date the balance due thereon, the sum of $810.28, was paid in full, but that the said Ira W. Fortenberry, on the same date, executed and delivered his promissory note for $1,000 payable December 8, 1933, to L. M. Quinn and secured the same by pledge of the mortgage note which he had just paid the Farmers Bank. In plaintiff's petition it is further alleged that on this last note there had been payments of all accrued interest and further payments on the principal and that notwithstanding these payments as well as those made while the note was held by the Farmers Bank, the said L. M. Quinn foreclosed on the said mortgage note to satisfy his alleged claim of $1,000. It is plaintiff's contention that the so-called first mortgage note on which the foreclosure proceeding was instituted had been extinguished by confusion when the indebtedness to the Farmers Bank was paid, and for that reason the sale of the property in that proceeding was illegal, null, and void. That

sale is further attacked on the ground of certain irregularities and informalities which will be discussed later, and also on the ground that Fortenberry and Quinn conspired in bringing the said foreclosure with the intent to defraud plaintiff out of its rights as a mortgage creditor and place the mortgaged property out of its reach. The prayer of the petition, in which both Fortenberry and Quinn are asked to be cited as parties defendant, is that the said sale be declared null and void and of no effect, and that the mortgage granted in favor of the Farmers Bank for the sum of $1,000 be ordered canceled and erased from the mortgage records of Tangipahoa parish.

The joint answer filed by the defendants constituted practically a general denial of the allegations of the plaintiff's petition, and on the issue as thus made the case was tried. After testimony had been taken, and the case closed, defendants filed a motion to have the same reopened on the ground that they had, since the trial, discovered evidence which showed that the original mortgage note held by the Farmers Bank had not been given as a direct obligation, but merely as collateral to secure another note with a balance due of $875.09, which represented Fortenberry's actual obligation, and therefore regardless of all other questions, the said mortgage note could have been withdrawn and reissued by him as collateral security any number of times. Counsel for plaintiff protested the reopening of the case, but the court ruled otherwise, and, on hearing further testimony, rendered judgment against the plaintiff rejecting its demand and dismissing its suit. From that judgment, plaintiff has appealed.

Plaintiff-appellant complains of the action of the district judge in reopening the case, but we believe that was the proper thing to do if he was satisfied that the defendants had been diligent in procuring all the facts before and during the trial of the case, and the facts to be elicited from new testimony which they wished to present was unknown to them before. Courts are, and should always be, eager to have before them all the facts pertinent to the case to the end that justice may be properly administered. Besides, the granting of a motion for reopening a case or for granting a new trial is a matter which addresses itself largely to the discretion of the trial court, and the ruling of the district judge thereon will not be disturbed on appeal unless there has been an arbitrary abuse of that discretion. That clearly was not the case in this instance,

38

and the ruling of the trial judge is therefore sustained.

■ Revised Civil Code, art. 2232, provides that "He who claims the execution of an obligation must prove it. On the other hand, he who contends that he is exonerated, must prove the payment or the fact which has produced the extinction of the obligation." Therefore, when the plaintiff in this case pleaded that Fortenberry's original obligation to the Farmers Bank of Osyka had been extinguished by confusion, he assumed the burden of proving the facts by which that confusion had taken place.

■ By the terms of article 2217 of the Revised Civil Code, we find that "when the qualities of debtor and creditor are united in the same person, there arises a confusion of right, which extinguishes the obligation." This means that when the obligation is evidenced by a note or some other negotiable instrument, and the same is found in the possession of the obligor, who was the maker, there arises a presumption that the debt has been paid or satisfied in some manner, and as the qualities of debtor and creditor have become merged in the obligor, the maker of the note or other instrument, by reason of his being the holder of his own obligation, the confusion of rights which the article of the Code mentions, has taken place, and the obligation is thereby extinguished. That is the claim which the plaintiff makes concerning the original mortgage note executed by Fortenberry and delivered to the Farmers Bank. And, of course, it is contended that if the mortgage note itself was extinguished, the mortgage likewise became extinct.

■■ With regard to mortgage notes, it seems to be well settled in the jurisprudence of this state, that when such a note is given for a specific debt and payment of the debt is made and the note returned to the debtor, both the note and the mortgage become extinguished, and no subsequent reissue of the note can revive the mortgage. See Succession of Phillips, 49 La.Ann. 1019, 22 So. 202, 203. In the cited case, however, it is noted that the jurisprudence is equally well settled that "when the mortgage is not for a specific debt, but for future use, and hence in favor of any future holder, the use of the note as a collateral, and its return to the maker, will not cancel the mortgage in the event of the reissue of the note." This case is cited with approval in Mente & Co. v. Levy, 160 La. 496, 107 So. 318; Hollingsworth v. Ratcliff, 162 La. 281, 110 So. 422; Citizens' National Bank of Hammond v. Loranger et al., 163 La. 868, 113 So. 129.

■ The vital point to be considered and determined, therefore, is whether the mortgage note constitutes the direct and specific debt itself to the obligee, or is intended for future use, being made in favor of any future holder or holders thereof, and is merely a collateral security for the specific debt itself. In the present case, the mortgage was the usual ordinary Louisiana form of mortgage made in favor of the mortgagee, the Farmers Bank of Osyka, it is true, but it was to inure to the use and benefit of any and all future holders of the mortgage note with which it was identified, and which note was made payable to the order of the maker himself and by him indorsed in blank. We are of the opinion that the evidence shows that this mortgage note was held by the Farmers Bank as collateral security and not as the specific debt itself, of Fortenberry. The testimony of Mr. W. H. Grace, who was cashier of the bank, whilst not as clear and as positive as could be desired, can hardly leave no other impression. An important and rather convincing reason he gives is that the state banking department of Mississippi is unfamiliar with our Louisiana mortgage and mortgage note made payable to the order of the maker himself, and in cases where their banks use such notes, they are handled as collateral and attached to the note which represents the obligation itself. Much is made of the fact that there appear certain payments of interest indorsed on the back of the mortgage note itself, but Mr. Grace explains that these were made on the instructions of the state bank examiner of his State when the note became past due in order to avoid difficulty as much as possible in case they would have had to resort to court proceedings in Louisiana to recover on the mortgage.

■ As to the transaction involving the transfer of the note from the bank to L. M. Quinn, which was the matter that was cleared up by the additional testimony adduced on the reopening of the case, we find that to be a simple sale of certain securities, including this mortgage note from the bank, which was then in liquidation, for an obligation which Quinn held against it, and which was also done on the instructions, or rather with the approval of, the bank examiner. Mr. S. S. Reid was consulted as attorney to advise how the matter could be arranged so that the mortgage securing the mortgage note would not lose its rank in view of the

second mortgage which had since been granted to the plaintiff herein. His advice, in line with what we have seen is the jurisprudence in this state, was that the mortgage note having been held by the bank as collateral, there was nothing to prevent Fortenberry from giving Quinn a new note and attaching the mortgage note which the bank turned over to Quinn as collateral to this new debt of Fortenberry's, and the mortgage itself would remain unimpaired. This advice was followed, and that is how the matter was handled. The mortgage note never was returned to Fortenberry, and even if it had, under the decision in the case of the Succession of Phillips, supra, that would not have had the effect of canceling the mortgage, in view of the circumstances under which the mortgage note was given to Quinn.

We are of the opinion that under the facts presented, and under the law, there was no extinguishment of the mortgage note by confusion, and that plaintiff has failed to support this point in his attack on the sale of the property under the mortgage.

The irregularities and informalities complained of and which form the second ground of attack on the sale are said to be a lack of the full thirty days' advertisement of sale as required under the law, and illegal waivers of notice to pay and of appraisement of the property on the day of sale.

We find an admission in the record to the effect that the first advertisement of sale appeared in the Kentwood Commercial under date of February 14th (1935) and for more than thirty clear days. We take it that that admission disposes of the first complaint on this ground of attack.

With regard to the second complaint on this point, we think that it can be disposed of by referring to that provision of our Civil Code which gives to an individual the right to renounce what the law has established in his favor, "when the renunciation does not affect the rights of others, and is not contrary to the public good." R.C.C. art. 11. Neither plaintiff's rights nor the public good can be said to have been affected by the waivers made by Fortenberry in the foreclosure proceeding instituted by Quinn and herein complained of. In the case of Le Blanc.v. Dubroca, 6 La.Ann. 360, it was specifically held that "the provision of law which entitles a defendant to three days notice of seizure on execution before the property is advertised for sale, is personal, and may be waived by him." We find no merit in any of the complaints in this second ground of attack on the sale of Fortenberry's property in the Quinn foreclosure proceedings, and it only remains now for us to state that with regard to the third and last issue raised, namely, that there was a conspiracy entered into between these defendants for the purpose of defrauding plaintiff out of its rights as a mortgage creditor and to place the mortgagor's property out of its reach, such allegations as are made in the petition appear to us to be nothing more than conclusions of law, as no specific facts are set out. Were we, however, to consider all the testimony in the record in its relation to the charge made, we find nothing on which the same can be supported.

We are of the opinion that the judgment appealed from is correct, and it is therefore affirmed.