On July 6, 1942, Donaldsonville Motor Co. Inc. instituted executory proceedings against George Pierre in suit No. 7426 of the docket of the Twenty Third Judicial District Court for the Parish of St. James. It alleged that it was the holder and owner of a certain promissory note executed by Pierre on December 6, 1939 for $317.76, payable to its order in 11 monthly installments of $12 each and the last and twelfth installment for $185.76; that Pierre had made certain payments on account of his indebtedness but that the last installment of $185.76 had not been fully paid; that payment of the note was secured by a certain vendor's lien and chattel mortgage on an automobile which Pierre had purchased from and mortgaged to it, by an act of even date before C.V. St. Amant, Notary Public in and for the Parish of Ascension, and that it desired the issuance of executory process and a seizure and sale of the mortgaged property in satisfaction of the debt. In accordance with the allegation and prayer of the petition, a writ of executory process was issued, the mortgaged automobile was seized and, after advertisement by the sheriff in pursuance with law, the same was bid in at the sheriff's sale by Donaldsonville Motor Co. Inc.
Pierre did not contest the executory proceedings but, about a month after the mortgaged automobile was sold by the sheriff, he instituted the present suit against Donaldsonville Motor Co. in which he seeks to have said executory proceedings declared a nullity and claims damages in the sum of $1,150 for the alleged unlawful issuance of the writ. He avers in his petition that, *Page 292 
on December 6, 1939, he purchased a secondhand Ford automobile from Donaldsonville Motor Co. Inc. for $375; that he paid $120 cash and promised to pay the balance in 11 monthly installments of $12 and one installment of $185; that he thereafter liquidated this obligation by payments made between January, 1940 and January 31, 1942 of a total of $265; that the executory proceedings filed against him by Donaldsonville Motor Co. were illegal, null and void for the reasons (1) that he has fully paid the purchase price of the automobile, (2) that the act of chattel mortgage upon which the executory proceedings issued is a forgery and a fraud, (3) that he was never served with a three day demand for payment as required by Article 735 of the Code of Practice, and (4) that the chattel mortgage is not an authentic act. In addition to the defendant motor company plaintiff joined Sheriff Joseph B. Dornier of St. James Parish as a party to the suit and sought to hold him responsible, in solido, for his alleged damages.
After filing certain exceptions to the petition, which were overruled, defendants answered and denied, in substance, the charges made by plaintiff against the validity of the executory proceedings which had been taken by Donaldsonville Motor Company.
In due course, the matter was heard in the district court and resulted in a judgment in favor of the defendants; the judge being of the opinion that the executory proceedings were wholly valid and regular and that plaintiff had failed to establish that the chattel mortgage purportedly executed by him was a forgery. Plaintiff has appealed from the adverse decision.
The record discloses the following facts. On December 6, 1939, plaintiff (a colored man) purchased from Donaldsonville Motor Company a secondhand Ford automobile for the price of $375 on credit terms. At the time of the purchase, he made a cash payment of $120 leaving a balance due of $255. He signed a written sales order for the car which indicates that the balance of $255 was to be liquidated by the issuance of 11 promissory notes by him, each for the sum of $12, and one note for $185.76. The notes provided for in the sales order contemplated the inclusion of interest and insurance charges so that the total amount to be paid amounted to the sum of $317.76, instead of $255 which he would have been required to pay if it had been a cash transaction. However, on the same day, plaintiff purportedly executed one promissory note for $317.76, payable in eleven monthly installments of $12 and a final installment of $185.76, which is paraphed "Ne Varietur" by C.V. St. Amant, Notary Public, for identification with an act of sale and chattel mortgage on the automobile granted by plaintiff to defendant motor company. The chattel mortgage is executed in the form of an authentic act, having been passed before Mr. St. Amant in the presence of two witnesses.
Receipts introduced in evidence by plaintiff, which were issued by Donaldsonville Motor Co., show that plaintiff paid on account of his obligation 19 monthly payments of $12, one payment of $12.25, one for $19 and one for $2, or a total of $261.25. After plaintiff had made these payments, he took the position that the entire balance due on the purchase price of the automobile had been liquidated and refused to accede to demands made by Donaldsonville Motor Co. that he still owed a balance. Upon plaintiff's refusal to make further payments, the motor company instituted the executory proceedings hereinabove referred to and caused the seizure and sale of the mortgaged automobile.
Plaintiff testified, at the trial below, that he considered that, when he signed the sales order for the automobile and paid $120 cash on account, he owed a balance of $255; that he knows nothing of the execution of the chattel mortgage and the promissory note in favor of the motor company and that he did not sign them. However, on cross-examination, when he was confronted with the original act of chattel mortgage and was asked whether he had signed it, he answered "Yes, sir, I writ that". He also admitted that the signature on the promissory note secured by the chattel mortgage was his signature. However, later on in his cross-examination, plaintiff denied that he had signed the note and chattel mortgage but he finally conceded that he had signed the chattel mortgage over the portion thereof which contains the notation in print "(Signature of Buyer)".
Plaintiff's wife testified that she signed the original order of purchase and, when shown the chattel mortgage and promissory note, stated that she did not think that it was her husband's signature because he could not write that well.
On the other hand, Mr. C.V. St. Amant, the notary who passed the act of chattel *Page 293 
mortgage, stated that, while he has no distinct recollection of the details and facts surrounding the execution of the promissory note and chattel mortgage, it is his practice to have all authentic acts signed by the parties in his presence and that, upon the passage of the chattel mortgage involved in the instant case, he caused it to be recorded in the mortgage office of the Parish of St. James.
Miss Etta Landry, one of the witnesses to the chattel mortgage, identified her signature as such but stated that she could not remember any of the details of the transaction.
The first contention of plaintiff is that he has fully liquidated his obligation to pay the balance of $255 which he maintains to be the amount owed by him on the purchase price of the automobile. The answer to this proposition obviously depends upon whether plaintiff has succeeded in establishing his second contention that the act of sale and chattel mortgage is a forgery because, if it be true that plaintiff executed the act, then the balance due by him on the purchase price of the automobile was merged into the obligation on the note and chattel mortgage which is for the sum of $317.76 or for a greater amount than the payments which plaintiff has admittedly made.
[1] Plaintiff's contention that the act of sale and chattel mortgage is a forgery was rejected by the trial judge on the ground that he did not believe plaintiff's testimony to the effect that he did not sign the act and the promissory note identified with it. Not only do we fail to detect manifest error in the judge's conclusion on this question of fact but we entertain no doubt that his ruling was amply justified by the evidence. In truth, plaintiff's testimony is not at all impressive; it is vague, uncertain and very contradictory — for, in certain parts thereof, he admits his signature, whilst, in other parts, he makes abject denials.
[2] Plaintiff's counsel nevertheless says that the judge erred in not holding that the act of chattel mortgage was a forgery (despite plaintiff's uncertain testimony) as the burden of proof, so counsel maintains, was upon the defendants to establish plaintiff's signature to the chattel mortgage, and that defendants have failed to do so.
This contention is not well founded. The act of sale and mortgage is in authentic form. Article 2236 of the Civil Code provides: "The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."
Consequently, under the very terms of the codal article, the burden was on plaintiff to establish, by convincing proof, that his signature was a forgery. See Agurs v. Putter, 19 La. App. 550, 140 So. 833; Fontini v. Pine Grove Land Co., 167 La. 137,118 So. 865 and Le Boeuf v. Duplantis, La. App., 162 So. 592.
[3, 4] The next point advanced by plaintiff is that the executory proceedings were null and void because he was not served with a three day demand notice as required by Article 735 of the Code of Practice. This proposition cannot be sustained for the reason that plaintiff waived the notice of demand for payment in the chattel mortgage executed by him. Since the provision of law relied upon was enacted for plaintiff's benefit, he had the right to renounce or waive it as the renunciation did not affect the right of others and was not contrary to the public good. See Civil Code, Article 11; Le Blanc v. Dubroca, 6 La. Ann. 360 and Lampton Reid Co. v. Fortenberry, La. App., 168 So. 36.
[5] The final contention of plaintiff, that the executory proceedings are null for the reason that the chattel mortgage foreclosed upon is not an authentic act, is likewise without merit. This proposition seems to be based on the theory that defendants were unable to prove that the chattel mortgage was passed before Mr. St. Amant, the Notary Public, in the presence of two witnesses. Mr. St. Amant readily admitted that he did not have any particular recollection of the matter but he asserted that it is his practice to have all authentic acts signed by the parties and the witnesses in his presence. Miss Landry, one of the witnesses to the act, while identifying her signature says that she has no distinct recollection of the details surrounding the execution of the instrument. However, the instrument itself is in authentic form and the notary states therein that it was executed before him in the presence of the witnesses, who signed their names with the parties to the act, after due reading of the whole. This is sufficient to sustain the validity of the instrument as an authentic act in the absence of convincing proof to the contrary. As shown by Article 2236 of the Civil Code, the law accords a high *Page 294 
degree of sanctity to authentic acts and the courts will not hold them invalid as such in the absence of strong proof that the recitals contained therein are not true and correct. To hold otherwise would be to require the notaries public of the state to maintain a distinct recollection of all of the authentic acts passed before them and permit parties, who are bound by such acts, to destroy their effect as such by merely stating that the recitals therein contained are false and untrue.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
WESTERFIELD, J., absent