ARTEMON HILL *v.* JOHN HALL.

Plaintiff cannot contradict by parol evidence, an act of mortgage on which he sues ; or prove anything beyond it.

Where notes secured by mortgage, delivered by the maker, have come again into his hands before maturity, the debt evidenced by them is extinguished by confusion. C. C. 2214. By re-issuing such notes, he may bind himself, but cannot revive the obligations of the other parties, nor the mortgage securing them, which being only an accessary to the debt between the maker and the payee, was extinguished with it. C. C. 3252, 3374.

APPEAL from the District Court, of the First District, *Buchanan*, J.

*J. C. Clarke* and *Preston*, for the appellant.

*Benjamin*, for the defendant.

MORPHY, J. This is an hypothecary action in which the plaintiff seeks to recover the amount of two promissory notes, for $6000 each, drawn by John S. Walton, and endorsed by Joseph G. Walton and William Henderson, bearing date the 29th of December, 1835, payable two years after date, and secured by mortgage on property purchased by the defendant from the drawer, John S. Walton. The defence set up was, that the debt claimed by the plaintiff had long since been satisfied and extinguished ; that at, or since the maturity of the notes sued on, plaintiff had divers dealings, and business transactions with the drawer, John S. Walton, whereby he became indebted to the latter in an amount sufficient to extinguish the notes by compensation ; that John S. Walton having since become insolvent, and being indebted to the plaintiff, the present suit is instituted on these old notes, not because they are due, but because plaintiff hopes thereby to recover a debt which has since accrued ; and that these notes were either left in the plaintiff's hands, or have since been returned to him by John S. Walton, with a view to favor him in the collection of his claims against said Walton, at the expense of the defendant, who will be left with a mere personal recourse against Walton, who is hopelessly insolvent. To substantiate this defence, interrogatories were propounded to the plaintiff. His answers entirely negatived the allegations of the defendant, but disclosed the fact

Hill v Hall.

that the notes sued on were received by the plaintiff from John, S. Walton, the drawer, in July, 1836, in exchange for a note of $10,000, drawn by the defendant. The latter then pleaded as a peremptory exception, that the notes sued on had been extinguished by confusion, the drawer having become the holder and owner of them, after they were made and issued, and before maturity. There was below a judgment of nonsuit, which on a new trial, granted at the instance of both parties, was changed into a final judgment for the defendant. The plaintiff has appealed.

On the second trial below, the plaintiff offered John S. Walton as a witness to prove that the notes in suit were accommodation notes, which had never been put in circulation, and had always remained in the possession of the maker. This testimony was opposed, on the ground that it would go to contradict the act of mortgage on which the suit was brought, and to which John S. Walton was himself a party. This objection having been sustained, the plaintiff took a bill of exceptions. The testimony was properly excluded. The act of mortgage, after stating that John S. Walton acknowledged himself to be justly indebted to Joseph G. Walton, in the sum of $20,000, and had given him three promissory notes, payable to his order, one for $8000, and two for $6000 each, proceeds thus : " which notes, after having been paraphed by me, said notary, to identify them with this act, were delivered to the said Joseph G. Walton, who hereby acknowledges the receipt thereof. Now, therefore, to secure the full and punctual payment of the said notes at maturity, the said John S. Walton, moreover, declared that he does by these presents, specially mortgage and hypothecate unto the said Joseph G. Walton, his heirs, assigns," &c. The plaintiff, who claims under this act, and has made it the basis of his action, cannot be permitted to contradict it ; nor can testimony be admitted to prove against, or beyond its contents. This act shows that these notes were delivered to the payee ; and the notes themselves exhibit the endorsement of the payee to William Henderson, and of the latter to some other person. The evidence shows that they came back into the hands of the maker, some time after their date, and before maturity. From the moment John S. Walton became the owner of these notes, drawn by himself, the debt evidenced by them

was extinguished by confusion.  Civil Code, art. 2214.  But it is argued by the appellant's counsel, that the extinction of the debt between John S. Walton and Joseph G. Walton, did not incapacitate the former from contracting a new debt to Hill, and handing over to him, as evidence of it, the same notes, secured by mortgage on his property ; that Hill could have recovered on these notes from John S. Walton, and can therefore pursue his property, which has since been sold subject to the debt.  To this argument, the answer is obvious ; that the notes thus re-issued by the drawer, undoubtedly, bind him, but that, by replacing them in circulation, he cannot revive the obligations of the other parties to the notes, or the mortgages on the defendant's property, which being only an accessary to the debt between the maker and the payee, became null and void as soon as the debt itself was extinguished.  Civil Code, arts. 3252, 3374.  It may further be answered, that the mortgage which exists on the property of the defendant, as a third possessor not bound for the debt, was given in favor of Joseph G. Walton, " his heirs and assigns."  It can, therefore, be enforced only by a person claiming under Joseph G. Walton, whose debt the argument admits to have been extinguished.  We have been referred to a passage in 2 Starkie, 286, in which it is said to have been held, that " a promissory note, paid, and re-issued before maturity, is available in the hands of a *bona fide* holder, without notice."  However this may be, we cannot consider the plaintiff as a holder without notice.  He received these notes from the hands of the drawer himself, long after their date, and with two endorsements on them, showing that they had been put in circulation.  It is also worthy of remark, that the plaintiff took no steps to secure the liability of the two endorsers, and has thought proper to urge his claim on the defendant's property only about four years after the maturity of these notes.

*Judgment affirmed.*