Labatjve, J.
On the 4th May, 1863, the defendant, Hermann Hanewinkel, executed three promissory notes to his own order, and endorsed by him; one for $5,000, another for $3,000, and a third one for $2,000, and to secure the xiayment of the same, executed a mortgage on certain city lots. The plaintiff having become the holder of the first named note for $5,000, and of the third named note for $2,000, obtained an order of seizure and sale, and had the mortgage property sold for cash, and the proceeds of sale amounting to $3,500, were retained by the purchaser after x>aying costs and charges.
Plaintiff’s counsel took a'rule upon Webber, who was the holder of the $3,000 note, to show cause why the whole proceeds of sale should not be applied to the payment of the two notes sued upon, on the ground that the said $3,000 note had been returned to the maker, and was extinguished.
Webber answered to the rule that the said note had been given to him as a collateral security by one Marchand, to secure the sum of about $1,800, and prayed that the rule be dismissed.
The testimony shows that this $3,000 note had been in the hands of Edward Sohinkel, and handed back by him to the maker, Hanewinkel, who it seems gave it to one Marchand, a note-broker, who passed it to George Merz to obtain money for the maker, Hanewinkel. George Merz was paid for the note by Marchand at its maturity. Marchand says:
“I became the owner of this note at its maturity on my paying it. Hanewinkel came to me, and, irpon hearing his troubles, I offered him this note, and Webber got it from him. This occurred a couple of months after the note had been paid by me at maturity.”
It apx>ears then that this note had come in the hands of the maker, who reissued it to Webber two months after maturity. Webber acquired, knowingly, an extinguished paper, and the mortgage was also extinguished, and could not be revived. C. C. Arts. 3374, 2214; 4 Rob. 416, Hill v. Hall
*261 We are of opinion that our learned brother decided correctly, in making the rule absolute.
It is therefore ordered and decreed, that the judgment appealed from, b e affirmed with costs.