(33 South. 728.)

No. 14,253.

HIBERNIA NAT. BANK v. Succession of GRAGARD.*

(Jan. 19, 1903.)

MORTGAGE—PAYMENT—EXTINGUISHMENT.

1. When the mortgage is executed to secure a special debt represented by notes, payment of the debt thus represented extinguishes the mortgage, and the subsequent reissue of the note will not revive the mortgage thus extinguished.

(Syllabus by the Court.)

Appeal from civil district court, parish of Orleans; George H. Théard, Judge.

Action by the Hibernia National Bank against the succession of John J. Gragard. Judgment for defendant, and plaintiff appeals. Affirmed.

McCloskey & Benedict, for appellant. James F. Pierson and Horace E. Upton, for appellee.

---

*Rehearing denied March 2, 1903.

BREAUX, J. This action is before us on an appeal from judgment making a writ of injunction perpetual and rescinding an order of foreclosure.

The Hibernia National Bank obtained executory process against the succession of John J. Gragard on two notes secured by mortgage of $1,500 each, pledged by Gragard on December 3, 1898, to the bank, as collateral security for a loan of $3,000 made by the bank to Gragard on the day.

The pledgor having departed this life, the administrator of his succession sued out an injunction without bond, on the ground that the notes and mortgages in question were paid. On the trial of the injunction it was shown that the property on which the pledged note is secured was sold by Boling Williams to John J. Gragard in the year 1886.

The notes pledged to the bank, and upon which it (the bank) was foreclosing when the injunction was obtained, represent part of the purchase price of this property, and were made payable, respectively, in one and two years after the sale.

It is abundantly shown that these notes had been paid by the maker to the holder about 10 years before they were pledged by the maker in person to the bank.

The bank took the note and mortgage from the original maker and mortgagor. In our view, the asserted mortgage in the hands of the mortgagor was notice sufficient of its extinguishment. The bank cannot be heard to deny that it had no notice of the payment of this mortgage, having received it in pledge from the maker and mortgagor himself, whose possession gave rise to the manifest presumption that it no longer had value, as the notes and mortgage had been returned to the maker and mortgagor as paid.

In a similar case this court held: "He received these notes from the hands of the drawer himself. He was not a holder without notice, by whom it was placed." Hill v. Hall, 4 Rob. 418.

We are dealing exclusively with the mortgage, and have naught to do with the notes, except in so far as they have been paid, and thereby affect the mortgage with which they were secured.

The buyer of the property had no control over the price after it had been paid to the

seller. The seller's lien had been extinguished. He could not revive it (the mortgage) as a mortgage lien, and place it in the hands of his creditor as a collateral security. It had served its purpose and had lived, and had during that time the vitality intended, when the mortgage was executed; but it was not endowed with two lives, one before it had been paid, and the other after it had been paid. It was executed to secure the price, and had secured it. The condition was executed, and there was an end of the mortgage. The law stamps this mortgage with absolute extinguishment after it has been paid.

The proposition that the mortgage was extinguished by the return of the note to the maker, and that the mortgage could not be revived by the reissue, has been the subject of previous decisions of this court.

"When the mortgage is for a special debt, payment extinguishes debt and mortgage, and the subsequent [re]issue of the note will not revive the mortgage;" citing Hill v. Hall, 4 Rob. 418, and a number of other decisions. Succession of Phillips, 49 La. Ann. 1020, 22 South. 202; Pertuit v. Damare, 50 La. Ann. 905, 24 South. 681.

The mortgage being extinguished, it is dead to all purposes. It cannot serve in any shape, or under any circumstances, as a live mortgage. This view is laid down in the decisions in France. They are epitomized by the following, excerpted from Fuzier-Herman, volume 4, p. 1177:

| | |
|---|---|
| But let us observe that the obligation constituted by contract to the holder is extinguished, and it logically follows the mortgage also that is attacked, as soon as the title by reason of the payment goes into the hands of the debtor, and it does not revive by reason of the fact alone that since the debtor has returned the title to circulation. | "Mais observons que l'obligation constituée par un contrat d'obligation au porteur est éteinte, et par suite l'hypothèque qui y était attachée, aussitôt que le titre est rentré par suite de paiement entre les mains du débiteur, et elles ne revivent pas par cela seul que, depuis, le débiteur a remis le titre en circulation. Bordeaux, 18 Mars, 1852 (s. 52. 2. 321, P. 54. 1. 291, D. P. 52. 2. 280, D. Rep., Vo. Privil. et Hyp., n. 2462)." |

There is no estoppel against the administrator of the succession of the maker. The mortgage having fallen with the principal obligation, it was not possible for the creditor (the bank), with full knowledge, to give vitality to an obligation that had been paid.

The creditor (the bank) was not misled by the representation of the debtor, for the facts were as well known to the creditor as to the debtor. Besides, the law determines the cases in which there is a mortgage (Laurent, volume 30, p. 167) and not estoppel.

| | |
|---|---|
| The system of mortgages is in the public interest. It follows that the parties cannot detract from the system in its essential particulars. | "Le régime hypothécaire est d'intérêt social dès lors les parties ne peuvent pas déroger à ce régime." |

A mortgage should not go forth as legal against all persons after the death of the mortgagor, and become a hindrance to business transactions, when any one in interest can question its validity. We think it as well in that light also to decree at this time that it is extinguished.

By reason of the law and evidence being in favor of the administrator and against the plaintiff in executory process, the judgment appealed from is affirmed.