BOLIN, Judge.
Milton C. Coen was the holder of a note executed by James C. Gobert and wife, payable to the order of “myself” and endorsed in blank, and also endorsed by Jack B. Wise, which note was secured by a mortgage covering a tract of land in Caddo Parish (hereinafter referred to as Tract 1) upon which was located a frame dwelling converted from a former dairy barn. After making a few payments on the indebtedness defendants defaulted and Milton Coen instituted foreclosure proceedings via ordinary process and obtained judgment ordering the sale of the described realty to satisfy the debt. A notation in the record reflects this sale was called off “because of township and range being omitted in the Writ, as well as the judgment of the court.”
In due time Coen caused another writ to issue in which the same invalid description was used but included a frame structure located on a different piece of property (hereinafter referred to as Tract 2) not covered by the mortgage sued upon. This attempted seizure and sale was based on Coen’s contention that the frame building was the same structure previously located on the property described in his mortgage but had been moved, without his knowledge, to Tract 2. The land and improvements on Tract 2, owned by Jack Wise and Mrs. Scott, were encumbered by a mortgage held by Mrs. Exie L. Fredericks McCaffrey which, she alleged, primed any claim Coen had on the improvements located thereon. Under her mortgage she had commenced foreclosure by executory process and also had opposed the attempt on the part of Coen to seize and sell the dwelling located on the land covered by her mortgage. Her foreclosure suit and opposition were consolidated for trial with these and are treated separately on appeal, being styled McCaffrey v. Wise, La.App., 154 So.2d 447. To further complicate matters, Wel-ton G. Huhn had previously obtained a default judgment against the owner of Tract 2, recognizing a lien against the property for labor and materials furnished by him for plumbing work done when the house was removed from Tract 1 to Tract 2 and completely renovated. Coen attacked this judgment and lien as being illegal and attempted to have them set aside. Those proceedings were likewise consolidated with the instant case and are treated separately on appeal, and styled Huhn v. Wise, et al., La.App., 154 So.2d 446.
With reference to the instant case, the lower court decided Coen’s mortgage on *445 Tract 1 did not cover the structure moved to Tract 2, from which judgment he appeals. During the proceedings below, Milton Coen died and Eugene J. Coen, as legatee, has become the owner of the subject property and accordingly substituted in place of his deceased brother.
Restricting our comments to the instant case, the only question presented is whether the house on Tract 2 can be seized and sold under the mortgage executed on Tract 1.
As a general rule all improvements located on realty become a part of the land and are covered by the mortgage and, as long as such improvements remain intact and may be identified, the mortgagee, by a proper action, may seize and execute on such improvements wherever located. However, in the instant case this general rule is not applicable for several reasons. From our study of the record we are convinced Milton Coen consented to the removal of the old converted dairy barn structure from Tract 1 to Tract 2. Jack Wise, owner of both Tract 1 and 2 at that time, was a building contractor. He intended to build a modern house on the very spot where the old house was located on Tract 1. He told Coen of his plan to move this frame structure. After moving the old house, he began the building of the new house on Tract 1 and progressed to the point of completing the concrete foundation. Subsequent to moving the old dwelling to Tract 2 he practically demolished it and used the hull around which he constructed a modern three bedroom two bath, brick home. Therefore, Coen lost whatever privilege he had against the old frame structure under the clear provisions of LSA-C.C. Art. 3411, which provides in part:
“Mortgages are extinguished:
“1. By the extinction of the thing mortgaged.
******
“5. By the creditor renouncing the mortgage.” * * *
We have no hesitancy in concluding Coen “renounced” his mortgage insofar as it affected the old structure when he voluntarily consented for Wise to move it.
We also think a portion of the "thing mortgaged,” i. e., the house, has become extinguished in that it is no longer in existence. By no stretch of the imagination could the modern brick veneer house be identified and denominated as the old frame structure merely because some of its materials were used in the new structure.
Moreover, from an equitable standpoint, our study of the record convinces us Coen was a party to the entire transaction with the expectation of increasing his security on Tract 1 by the removal of the old house and the construction of a new and more modern dwelling thereon and is now complaining because Wise became insolvent in the process and consequently never completed the new structure.
As no separate ruling was rendered in the lower court limited to the instant case, we think it proper to recast the judgment appealed from. The record reflects Coen, after one unsuccessful attempt and several technical errors and delays finally obtained a judgment against defendants, sold Tract 1 together with whatever improvements were located thereon and credited his indebtedness with the amount realized therefrom. Even though it is pointed out that judgment erroneously described the realty, the ruling was not appealed from and therefore is not at issue.
Accordingly, it is ordered, adjudged and decreed that Eugene J. Coen’s claim in and to any privilege or mortgage on any improvements on the following described property be rejected:
Lot 38, SCOTT ACRES SUBDIVISION, UNIT No. 3, a subdivision of Caddo Parish, Louisiana, as per plat thereof recorded in the Conveyance Records of Caddo Parish, Louisiana in Book 800, Page 663.
*446 It is further ordered the costs of the lower court be paid one-half by plaintiff and one-half by defendants and the costs of this appeal be paid entirely by Eugene J. Coen.
Amended and recast.