BOLIN, Judge.
Mrs. Exie L. Fredericks McCaffrey, as the alleged assignee of a $5,000 mortgage and note, instituted foreclosure proceedings by executory process on a house and lot in Caddo Parish and asked that her rights be reserved against the person endorsing the note to her. Mrs. Stringfel-low, the original mortgagee who endorsed the mortgage note to plaintiff, excepted to the petition, alleging the mortgage note had been paid at the time of the transfer to plaintiff. For the reasons outlined in consolidated case Coen v. Gobert, et al., La.App., 154 So.2d 443 Coen alleged he had a superior lien to plaintiff on the brick veneer house located on the property. As outlined in consolidated case Huhn v. Wise, et al., La.App., 154 So.2d 446 the question of the proper rank to be accorded a material and labor lien for work performed on the brick veneer house also became relevant. From a judgment recognizing Mrs. McCaffrey’s mortgage to the extent of $3,000 as being a first lien and privilege on both the land and improvements, Coen has appealed.
The sole question presented is the validity and enforceability of a certain mortgage dated August 28, 1959, in the original principal sum of $5,000, executed by Jack B. Wise and mother, Lillian G. Scott, to Anna L. Stringfellow, covering the following described property:
Lot 38, SCOTT ACRES SUBDIVISION, UNIT NO. 3, Caddo Parish, Louisiana, together with all buildings and improvements thereon.
Inserted in this mortgage was the following provision:
“The consideration of this mortgage is as follows:. That the mortgagors do now bind themselves to commence, erect and construct a three bedroom brick veneer house on the above described plot to commence such building on August 31, 1959 and to continue such building operations until the said structure is complete provided that the said structure shall have been completed not more than ninety (90) days from the date of this instrument.”
There is an irreconcilable conflict in the testimony between plaintiff on the one hand and that of Mrs. Stringfellow, Milton Coen and Eugene J. Coen on the other hand as it relates to the circumstances leading up to the transfer and assignment of the above mortgage to plaintiff. Fortunately we are not required to ascertain all such facts, but we have satisfied ourselves (somewhat distastefully, we might add) as to sufficient pertinent facts to conclude the mortgage note in question had been fully paid when Mrs. Stringfellow negotiated same to plaintiff. In spite of the fact that Mrs. Stringfellow had been paid, she did not mark the note paid, but endorsed it to her friend, Mrs. McCaf-frey, and some 45 days later executed a notarial assignment to her wherein it was falsely recited a cash consideration of $5,-000 was paid for the assignment. Mrs. Stringfellow (the daughter of Eugene J. Coen, and niece of Milton Coen) brazenly admits she transferred the note to plaintiff herein, after it had been paid, for no consideration, and later made a false statement in a notarial act of assignment that consideration was paid. The only explanation she gives for such conduct on her part is found in the following excerpt from her testimony:
“Q. Did Mrs. McCaffrey give you any reason for wanting the assignment?
“A. None other than she had not received her monies • that she had loaned to Mr. Wise in the past or —on other securities or other collaterals — and she said she just wanted to have that as something extra to sort of hang over to him as I gathered it, but I told her as far as I was concerned I was out of the picture and that if it was any use to her or of any value to *449 her it was perfectly all right with me. I did it as a friend, and that’s all I can say.”
Mrs. McCaffrey, of course, denies Mrs. Stringfellow’s version of the incident, but she admits the statements in the notarial act of assignment relating to a cash consideration of $5,000 were false. The evidence shows Mr. Wise owed her in excess of $3,000 and she desired to have a preferred claim in order to collect her unsecured debt against him because he had become hopelessly insolvent. The idea was, therefore, conceived of having the mortgage and note held by Mrs. Stringfellow transferred to Mrs. McCaffrey after it had been paid in order to aid her in the collection of her debt.
A great portion of this record consists of testimony outlining how Jack Wise and Eugene J. Coen maneuvered a property transaction, not related to any land involved herein, in order to get the $5,000 mortgage of the latter’s daughter paid. We deem it neither advisable nor necessary to burden this record with a review of this transaction except to reiterate our definite conclusion that this mortgage note had already been paid when it was negotiated to plaintiff herein.
■LSA-C.C. Art. 3411 provides in part as follows:
“Mortgages are extinguished:
‡ ifc }}c ‡ % ❖
“4. By the extinction of the debt, for which the mortgage was given. * 5¡í ‡»
In the case of Hibernia Nat. Bank v. Succession of Gragard, 109 La. 677, 33 So. 728 (1903) the court said:
“The buyer of the property had no control over the price after it had been paid to the seller. The seller’s lien had been extinguished. .He could not revive it (the mortgage) as a mortgage lien, and place it in the hands of his creditor as a collateral security. It had served its purpose and had lived, and had during that time the vitality intended, when the mortgage was executed; but it was not endowed with two lives, one before it had been paid, and the other after it had been paid. It was executed to secure the price, and had secured it. The condition was executed, and there was an end of the mortgage. The law stamps this mortgage with absolute extinguishment after it has been paid.
* * % * * *
“The mortgage being extinguished, it is dead to all purposes. It cannot serve in any shape, or under any circumstances, as a live mortgage. This view is laid down in the decisions in France.

For the reasons stated the judgment of the lower court is reversed and set aside and the demands of plaintiff for the recognition of her mortgage and for executory process thereunder on the following described property are rejected:
Lot 38, Scott Acres Subdivision, Unit No. 3, in Caddo Parish, Louisiana, together with all buildings and improvements thereon.
It is further ordered that the mortgage note filed herein dated August 28, 1959, executed by Jack B. Wise and Lillian G. Scott, payable to the order of Anna L. Stringfellow in the principal amount of $5,000 and paraphed “Ne Varietur” to identify it with a mortgage of even date therewith, be marked “paid” and the Clerk of Court of Caddo Parish, Louisiana, is hereby authorized and ordered to cancel from the public records the mortgage executed as security therefor.
It is further ordered that all costs of the lower court be paid equally by Mrs. Exie L. Fredericks McCaffrey and Anna 'L. Stringfellow and the entire costs of this appeal be borne by Eugene J. Coen.
Reversed and rendered.