BOLIN, Judge.
In these consolidated cases plaintiffs, Halliburton Company and The Bovaird Supply Company, foreclosed by executory process their respective mortgages on an undivided one-half working interest in certain oil, gas and mineral leases located in Caddo Parish, Louisiana, and owned by Homer W. Snow-den and his wife.
Prior to the sheriff’s sale Caddo Trust & Savings Bank intervened, claiming a superior mortgage on three of the leases and prayed for separate appraisal of these leases. In response to this intervention the leases were separately appraised and sold to plaintiffs, each contributing $2400 or a total of $4800 which is presently being held by the Sheriff pending outcome of this proceeding. It is the ownership of this sum which constitutes the only question before this court. The lower court found in favor of the intervenor and plaintiffs appeal.
On October 24, 1960, W. C. Allen, Jr., then owner of the leases, executed a promissory note payable to the Caddo Trust & *882 Savings Bank in the sum of $10,000. The note was secured by a mortgage on the leases in favor of the bank. This act of mortgage, which contained an assignment of oil runs, acknowledged the mortgagor was “presently indebted to the Caddo Trust & Savings Bank” for $10,000. It is one of the contentions of appellants that intervenor has received from the assignment of production an amount in excess of the $10,000 and that the obligation was thus extinguished. The $10,000 note was paraphed with the mortgage and in the latter it was stated that one note was given as evidence of this debt. However, it is stipulated that on the same date Allen executed a “hand note” for $10,000 to which was attached the mortgage note. It was further stipulated this hand note was subsequently lost although it had been marked paid and returned to Allen.
A subsequent hand note was executed by Allen in favor of the bank in the sum of $25,000 which recited that the original mortgage note and mortgage was pledged as collateral. This note was marked paid and yet another note in the sum of $15,000 was executed February 26, 1964 by Allen likewise reciting the pledge of the mortgage and note as collateral. This note was marked paid and a note for $32,000, reciting as did the others the pledge of the mortgage, was executed in favor of the bank by Allen on October 22, 1964, which note is still unpaid. There is no evidence of the exact date or manner of payment of any of the described notes.
By act of assignment on July 19, 1962, Allen conveyed all of his interest in the leases to M. C. Snowden who, together with her husband, Homer Snowden, during the same year mortgaged the leases to the plaintiffs to secure certain debts owed the latter. Although both plaintiffs secured subsequent mortgages on other property belonging to the Snowdens they are not before the court in these proceedings.
The primary question for our consideration is whether the mortgage note executed by W. C. Allen, Jr. was for a specific debt, i. e. the $10,000.00 mentioned in the mortgage.
Louisiana Civil Code Articles 3284 and 3285 provide as follows:
“Art. 3284. The mortgage is accessory to a principal obligation which it is designed to strengthen, and of which it is to secure the execution.
“Art. 3285. Consequently, it is essentially necessary to the existence of a mortgage, that Óiere shall be a principal debt to serve as a foundation for it.
“Hence it happens, that in all cases where the principal debt is extinguished, the mortgage disappears with it.”
* * * * * *
The mortgage note, as well as the act of mortgage, named Caddo Trust & Savings Bank as payee. The mortgage declared it was given as security for the payment of one note. There is no language in the note or mortgage to indicate either was for a future indebtedness or that either would be pledged or repledged as collateral security. In Mente & Co. v. Levy, 160 La. 496, 107 So. 318 (1926) the Supreme Court reviewed the prior jurisprudence concerning the distinction between a note and mortgage given for a specific debt and that given as collateral. In concluding the note in the cited case was given for a particular debt the court stated:
“The rule is well settled, at least in the jurisprudence of this state, that, when a mortgage is given for a specific debt to a particular creditor, payment of that debt extinguishes the mortgage and a reissue of the note will not revive or reinstate the mortgage.” See also Hill v. Hall, 4 Rob. 416, 418; McCaffrey v. Wise (La.App. 2 Cir., 1963) 154 So.2d 447 citing Hibernia Nat. Bank v. Succession of Gragard, 109 La. 677, 33 So. 728 (1903). (Emphasis supplied.)
It cannot be contradicted that the first hand note was executed by Allen for $10,- *883 000.00 on the same day as the mortgage and mortgage note and that this note has been paid. We, therefore, hold that such payment was for the only indebtedness owed by Allen to Intervenor at the time the mortgage was executed; that the debt was secured by the mortgage; that the mortgage indebtedness having been paid the mortgage was extinguished. Having decided the case on this point it is unnecessary to discuss the other specifications of error.
There is no dispute between plaintiffs as to their share of the proceeds in the event the intervenor’s mortgage had been extinguished. It is, therefore, ordered that the judgment appealed from be reversed and the Sheriff of Caddo Parish, Louisiana, is authorized and ordered to pay unto Halliburton Company and The Bovaird Supply Company the sum of $2,400.00 each, less the cost of the sale.
It is further ordered that Intervenor, Cad-do Trust & Savings Bank, pay all other costs of these proceedings.
Reversed and rendered.
Rehearing denied.
GLADNEY, J., dissents from refusal.